# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

PATRICIA LECKENBY, )
)
        Plaintiff, )
)
vs. ) Case No. 05-03570-CV-S-FJG-SSA
)
MICHAEL J. ASTRUE, Commissioner )
of Social Security, )
)
        Defendant. )

## ORDER

Currently pending before this Court is plaintiff's Application for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. No. 21). Plaintiff's counsel has requested that the Court award attorney fees in the amount of $4,771.63 for 29.5 attorney hours at the rate of $161.75 per hour and expenses of $58.50, for a total award of $4,830.13.

Defendant objects to an award of attorney fees in this case and asks that the Court either deny the application or alternatively reduce the amount awarded. Defendant states that the application should be denied because the position of the Commissioner was substantially justified. Additionally, defendant states that if any fees are awarded, they should be made payable to plaintiff as the prevailing party.

## I. BACKGROUND

Plaintiff Patricia Leckenby applied in May 2004 for social security disability and supplemental security income. Plaintiff claimed an inability to engage in substantial gainful employment due to fibromyalgia, chronic back pain and knee pain, depression and other maladies. The ALJ found that plaintiff suffered from the severe impairments of obesity,

fibromyalgia and depression, that her mental impairment resulted in slight restriction of the activities of daily living, moderate limitation of social functioning, etc. The ALJ found that these impairments did not meet or equal in severity the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 and that Leckenby's RFC did not allow her to perform her past relevant work. The ALJ found that plaintiff could perform a range of unskilled jobs at the sedentary exertional level based on the vocational expert's testimony.

On August 1, 2006, this Court affirmed the ALJ's decision. However, on May 17, 2007, the United States Court of Appeals for the Eighth Circuit remanded the case to this Court on May 17, 2007 with directions to remand to the ALJ for reconsideration (Doc. No. 18). Thus, pursuant to the judgment of the Eighth Circuit, this Court reversed the decision of the Commissioner and remanded it under 42 U.S.C. § 405(g)(4) for further proceedings (Doc. No. 20).

On appeal, plaintiff had argued that the ALJ failed to assign proper weight to the opinions of her treating medical sources regarding her RFC. Plaintiff asserted that if those opinions are properly credited, a finding of disability must ensue. The Eighth Circuit discovered substantially similar RFC opinions from three independent treating physicians regarding plaintiff's need for rest periods that are consistent with the treatment notes of these and other additional treating physicians and that are also consistent with plaintiff's daily activities described throughout the application process. In light of all this evidence, the Eighth Circuit concluded that the earlier notes on possible symptom exaggeration by one-time consultative examiners standing alone, do not constitute substantial evidence to support the ALJ's rejection of the treating physicians' opinions. Therefore, the Eighth Circuit did not find substantial evidence to support the ALJ's decision to reject the opinions

of the three treating physicians regarding plaintiff's need for rest periods during an eight-hour workday.

Because the Eighth Circuit did not find substantial evidence to support the ALJ"s decision, plaintiff thereafter filed an application for attorney's fees under EAJA (Doc. No. 21). Plaintiff's counsel also filed an application for attorney's fees for his time in filing an appeal to the Eighth Circuit. On September 25, 2007, the Eighth Circuit denied plaintiff's request for request for fees under the EAJA (See Attachment to Defendant's Notice to the Court, Doc. No. 25-2)

## II. STANDARD

A plaintiff is entitled to EAJA fees if the Commissioner's position was not "substantially justified." Johnson v. Barnhart, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, *1 (W.D. Mo. Jan. 13, 2004). "The Secretary bears the burden of proving the denial of benefits was substantially justified. . . . The standard is whether the Secretary's position is clearly reasonable, well founded in law and fact, solid though not necessarily correct." Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003)(internal citations and quotations omitted).

> 28 U.S.C. § 2412(b) provides in part:
>
> [u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.
>
> 28 U.S.C. § 2412(d)(2)(A) further provides that:
>
> 'fees and other expenses' includes . . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market

3

rates for the kind and quality of the services furnished . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee).

## III. DISCUSSION

Plaintiff's attorney is requesting fees in the amount of $4,830.13 under the EAJA. Section 2412(D)(1)(a) of EAJA provides that a court shall award fees and other expenses incurred by a "prevailing party" in a suit against the United States unless the "position of the United States is substantially justified" or "special circumstances make an award unjust." Plaintiff argues given that the Eighth Circuit determined that the ALJ did not give appropriate weight to the expert medical opinions of three of plaintiff's treating physicians, then this means the position of the government was not "substantially justified" and plaintiff's counsel is entitled to attorney's fees.

Defendant opposes plaintiff's application for attorney fees because the ALJ's position was substantially justified. Defendant's position is that a finding that substantial evidence did not support the ALJ's denial of plaintiff's application does not necessarily mean that an award of attorney's fees is appropriate. The Court does not agree. As was noted in the Eighth Circuit's Order remanding this case, the ALJ erred in rejecting the opinions of the three treating physicians. "The [social security] regulations provide that a treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(quoting 20 C.F.R. § 404.1527(d)(2)). Thus, the Court does not find that the Secretary's position was well

4

founded in law. Accordingly, the Court finds that an award of attorney fees is appropriate.

Next, defendant argues if the ALJ's position was not substantially justified, then defendant's request for fees should be reduced. The Court agrees with defendant that 29.5 hours for a non-complex case is excessive. Defendant notes that plaintiff's counsel billed 2 hours for reviewing the Appeals Council action and determining the need for appeal. The Notice of Appeals Council Action consisted of 3 pages of standard text used in many social security cases. Plaintiff's counsel billed .25 hours to review defendant's answer which consisted of 2 pages of standard language. Plaintiff's attorney also billed 18 hours for preparation of plaintiff's 18-page summary judgment brief which was largely boilerplate. In addition, defendant states that plaintiff's counsel appears to have billed for the same activities at both the district court level and at the court of appeals. On August 1, 2006, plaintiff charged .5 hours to receive and review the district court order affirming the Commissioner's decision. On that same day, plaintiff's counsel billed 2 hours in the appellate court to receive and review the district court order and review the file for possible appeal. Further, defendant states that plaintiff's counsel indicated he spent 2 hours drafting and filing the Notice of Appeal.

After reviewing the itemized listing of services submitted by plaintiff's counsel, the Court is convinced that a portion of counsel's time is excessive. A court has discretion to reduce the amount of a fee award based on the substance of an attorney's representation. In Kramer v. Apfel, 57 F.Supp.2d 774 (S.D. Iowa 1999), plaintiff requested an award of $5,665.15, based on 41.1 attorney hours at the rate of $131.92, and $243.24 for costs. The Court however found the request unreasonable and noted that "[a]lthough the attorney's work in this case was valuable to the client, the issues were not novel or

complex, and the hours counsel claims appear excessive." Id. at 775. The court noted that "[b]ased on this court's experience, the usual time claimed in cases involving issues that are not particularly complex or novel, such as the instant case, is fifteen (15) to twenty (20) hours." Id. See also, Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir. 1991)(per curiam)(attorney hours reduced due to excessive hours for preparation of routine letters, form complaint, and motion for summary judgment which contained "canned material"); Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994)(court reduced number of attorney hours due to excessive preparation time). First, the Court notes that plaintiff's counsel billed his time in fifteen minute increments for very routine tasks including: reviewing and preparing motions for extension of time, reviewing brief orders and reviewing the answer. Billing in fifteen minute increments for routine tasks has repeatedly been found to be excessive. See Seba v. Barnhart, No. 00-4157-CV-C-SOW-SSA-ECF (W.D. Mo. Sept. 26, 2002).

Second, plaintiff's counsel billed excessive hours for non-routine tasks. For example, plaintiff's counsel billed 18.0 hours for researching, writing, and revising plaintiff's brief. However, the brief itself is only 18 pages in length, contains a substantial amount of boilerplate law and the argument section addresses only two issues. Further, billing 2.0 hours for reviewing a 3-page Appeals Council action to determine the need for appeal is excessive.

Thus, the Court finds that the time billed by plaintiff's counsel to be excessive in light of the relatively straightforward nature of the case and the fact that the arguments raised are neither novel or complex. Accordingly, the total number of hours claimed by plaintiff's counsel in his EAJA application will be reduced to 15 hours, which is within the guideline range of 15 to 20 hours suggested by the court in Kramer v. Apfel for cases which do not

6

involve novel or complex issues. 57 F.Supp.2d at 775.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that plaintiff shall be awarded attorney fees in the amount of $2,426.25, which represents 15 hours of attorney time at the rate of $161.75 per hour. The award shall be made payable to plaintiff as the prevailing party.

**IT IS SO ORDERED.**

Date: 10/30/07                                                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                              Fernando J. Gaitan, Jr.
                                                         Chief United States District Judge